# United States District Court

NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
ORIGINAL
MAY 03 2011
JAMES N. HATTEN, Clerk
Deputy Clerk

UNITED STATES OF AMERICA

v.

COREY GALLISDORFER

ISSUED AND DELIVERED TO U.S. MARSHAL 5/3/11 BY: _____ DEPUTY CLERK

CRIMINAL COMPLAINT

CASE NUMBER 1:11-MJ-654

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

> Beginning no later than November 2010, the exact date being unknown, and continuing through April 2011, in the Northern District of Georgia and elsewhere, defendant COREY GALLISDORFER knowingly used, persuaded, induced, enticed, and coerced minors to engage in sexually explicit conduct for the purpose of producing visual depictions of said conduct, knowing that these depictions would be transmitted using a facility of interstate commerce, namely the internet, all in violation of Title 18, United States Code, Section 2251(a).

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI) and that this complaint is based on the following facts:

> *see attached affidavit*

Continued on the attached sheet and made a part hereof.          (X) Yes     ( ) No

Signature of Complainant
Roderick Coffin

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

May 3, 2011                                           at    Atlanta, GA
Date                                                        City and State

Russell G. Vineyard
United States Magistrate Judge
Name and Title of Judicial Officer                    Signature of Judicial Officer

AUSA Robert C. McBurney

## AFFIDAVIT FOR 1:11-CR-654

I, Roderick Coffin, being first duly sworn, do hereby depose and state:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since June 2010. I have investigated federal criminal violations related to the use of computers and computer-based crimes against children. I have received formal training in the investigation of these matters at the FBI Academy. I also have a Bachelors of Science in Computer Science and previously worked in private industry for 12 years specializing in software development and software development consulting. As an SA, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. I have participated in investigations in which a computer was used to commit violations involving the sexual exploitation of children.

2. I am investigating the activities of COREY GALLISDORFER of 225 Granville East in Chapel Hill, North Carolina. As will be shown below, there is probable cause to believe that GALLISDORFER has used, persuaded, induced, enticed, and coerced minors to

1

engage in sexually explicit conduct for the purpose of producing visual depictions of said conduct, in violation of Title 18, United States Code, Section 2251 (production of child pornography). I am submitting this affidavit in support of an application for a complaint authorizing the arrest of GALLISDORFER.

3. The statements in this Affidavit are based primarily upon investigative work undertaken by fellow agents from the FBI's Atlanta Field Office and Raleigh Resident Agency. Since this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included every fact known to me concerning this investigation; rather, I have set forth only the facts necessary to establish probable cause to believe that GALLISDORFER has committed violations of Title 18, United States Code, Section 2251.

## INVESTIGATION

4. On April 04, 2011, it was reported to the FBI that an individual posing as a 14-year-old female was targeting boys at several Atlanta-area schools and convincing them to produce pornographic images of themselves and then to send the images to "her" via the Internet.

5. That same day, I interviewed a 12 year-old boy ("Victim 1") who stated that he had been in contact with an individual on Facebook who purported to be a teenage girl from North Carolina who was thinking of attending Victim 1's school next year. (Victim 1's father was present for this interview.) This "girl" from North Carolina eventually convinced Victim 1 and a 12 year-old classmate ("Victim 2"), to produce sexually explicit images via webcam and share them with "her." Victim 1 stated the individual on Facebook also sent him an email from the email account swimmerchick3941@gmail.com (hereafter the individual is referred to as "swimmerchick").

6. During the interview, Victim 1's father explained that administrators from Victim 1's school had informed him that a sexually explicit video depicting Victim 1 had been found on the school laptop of another minor male student ("Victim 3"). Victim 1's father subsequently reviewed the video with school officials and confirmed that it showed his son in a sexually explicit pose on what appeared to be a webcam.

7. Victim 1 stated that swimmerchick, after receiving the initial pornographic video feed from Victim 1, repeatedly told him that if

he did not produce and deliver more pornographic images of himself, swimmerchick would send the previously produced video to Victim 1's friends at school. Swimmerchick proved her capability by emailing him an excerpt from the original explicit video. When Victim 1 ultimately refused, swimmerchick sent a copy of the video to Victim 3, one of Victim 1's classmates.

8. Following the initial interview with Victim 1, a fellow FBI agent performed open source searches for the email address swimmerchick3941@gmail.com and found the email address to be associated with an individual using the screen name "boyboyboy11" who was advertising "boys I have to trade" on the website imgsrc.ru. Imgsrc.ru is a file sharing website where users can post pictures for other users to see and to comment on. Users often contact each other through email after commenting on pictures and exchange images. The account boyboyboy11 on imgsrc.ru had 25 images associated with it, including non-pornographic pictures of Victim 1 and Victim 2.

9. Additionally, swimmerchick3941 was listed as a user name on a peer-to-peer file sharing program known to the FBI to be used by

child pornography traders to collect and exchange sexually explicit images and videos of minors.

10. On April 12, 2011, I interviewed Victim 4, a 13 year-old boy who attends the same school as Victims 1 through 3. Victim 4 also met swimmerchick through Facebook and engaged in a series of instant messenger conversations with swimmerchick. For these on-line sessions, swimmerchick used the instant messenger ID swimrun9111@aim.com.

11. On April 14, 2011, I sent a subpoena to AOL for the subscriber information for swimrun9111@aim.com. On April 19, 2011, AOL returned the following subscriber information for swimrun9111@aim.com:

```
SN: Swimrun9111
Email address: coreygallisdorfer@fcds.org
Related screen name: tarheel2412
Account start date: 2003-05-09
Recent login IP: 152:23:212:154 on
03/28/2011 from 5:15:48 UTC to 5:44:00 UTC.
(1:15:48 to 1:44:00 EDT)
```

12. On April 12, 2011, I received a telephone call from a student counselor at the school Victims 1, 2, and 4 attend. (Victim 3 recently left the school for reasons unrelated to this investigation.)

5

The counselor reported that a student, who wished to remain anonymous, had provided her with what he claimed to be swimmerchick's cellular telephone number. The number the student gave was 336-971-7889. According to the counselor, the student explained that he had a friend who had been in contact with swimmerchick via Facebook and had obtained swimmerchick's phone number. When the student's friend attempted to call the number from Atlanta, no one answered. The student's friend subsequently called the number from a 336 area code phone – i.e., the same area code as the number swimmerchick had provided – and an adult male answered the phone.

13. On April 20, 2011, I interviewed Victim 5, whose image was also found in swimmerchick's collection of photos on the imgsrc.ru website. Victim 5 is a 14 year-old boy who attends the same school as Victims 1, 2, and 4. Victim 5 acknowledged to me that he is the one who gave the cellular telephone number to the school counselor. He further advised that he had his sister provide the number to a friend who lived in the 336 area code (central North Carolina) and that it was his sister's friend who called swimmerchick's number and reached an adult male.

14. On April 24, 2011, the Assistant United States Attorney assisting me with this investigation sent a subpoena to the University of North Carolina for records pertaining to the user of the IP address associated with swimmerchick when, using the address swimrun9111@aim.com, she chatted with Victim 4, i.e., IP address 152:23:212:154.

15. On April 26, 2011 the University of North Carolina reported that the individual assigned to IP address 152:23:212:154 at the requested date and times was:

    ```
    User: COREY GALLISDORFER
    Address: 225 Granville East (part of the
    Granville Towers at 2100 Granville Towers
    south, Chapel Hill, NC)
    Cellular Telephone number: 336-971-7889
    ```

    That is the same name associated with AOL's records for swimrun9111@aim.com and the same phone number that had been obtained from swimmerchick.

16. On May 2, 2011, agents obtained a search warrant for GALLISDORFER's apartment in Chapel Hill from United States Magistrate Wallace W. Dixon of the Middle District of North Carolina. The warrant authorized agents to search

GALLISDORFER's apartment as well as any computers and other digital devices found therein for evidence relating to crimes involving child pornography.

17. Today, May 3, 2011, agents, assisted by University of North Carolina police, executed the search warrant. GALLISDORFER's roommate answered the door and allowed agents into the apartment. In the apartment, agents found GALLISDORFER as well as GALLISDORFER's laptop computer, his iPhone, and assorted computer peripherals and digital devices.

18. GALLISDORFER's roommate agreed to speak with agents. He disclosed that he had used GALLISDORFER's computer only once during the school year. He added that GALLISDORFER spent 80-90 percent of his time in the apartment using his computer. GALLISDORFER, as the agents entered the apartment, demanded to speak to an attorney. He was not in custody at that time.

19. A technically-trained FBI specialist conducted a brief preliminary examination of GALLISDORFER's computer and found the following items of interest:
   - A collection of video files created by software on GALLISDORFER's computer (CamStudio) that captures all activity occurring on the computer's screen. These files

captured a Skype (internet video telephone call) session between someone using GALLISDORFER's computer and an unknown boy who appeared to be of the age range of Victims 1 through 5. The videos showed that the person using GALLISDORFER's computer was logged in as swimmerchick3941 and that that individual was repeatedly directing the boy to expose his genitals on the webcam (which the boy did).

- A digital image of one of the boys that the agents had found in swimmerchick's collection of images advertised on the imgsrc.ru file sharing website.

- A pornographic image of a young teen girl that was consistent with the victims' description of the photo that swimmerchick shared with them in an effort to convince them to share similar images with "her."

20. Upon seizing GALLISDORFER's iPhone, an agent, using his own phone, dialed the number that Victim 5 had identified as being associated with swimmerchick (336-971-7889). GALLISDORFER's phone rang.

## **CONCLUSION**

21. Based on the foregoing information, I respectfully submit that there is probable cause to believe that GALLISDORFER has committed violations of Title 18, United States Code, Section 2251 (production of child pornography), in that he has used, persuaded, induced,

enticed, and coerced minors to engage in sexually explicit conduct for the purpose of producing visual depictions of said conduct, knowing that these depictions would be transmitted using a facility of interstate commerce, namely the internet, and that an arrest warrant should be issued.