IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA        :
                                :         CRIMINAL ACTION
            v.                  :
                                :         NO. 1:11-MJ-654-RGV
COREY GALLISDORFER             :
```

**GOVERNMENT'S SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME
IN WHICH TO FORMALLY CHARGE DEFENDANT**

Comes now the United States of America, through its counsel, Sally Quillian Yates, United States Attorney, and Robert C. McBurney, Assistant, and hereby files this unopposed motion for an additional extension of time in which to formally charge Defendant Gallisdorfer.

1.

On May 3, 2011, the Government filed a criminal complaint against Defendant Gallisdorfer in the above-referenced matter. (Doc 1). Gallisdorfer was arrested on the same day (Doc 2) and had his initial appearance in the Middle District of North Carolina (MDNC); he was subsequently granted bail by a magistrate in that jurisdiction. In late May, the Government, with Defendant's express permission, petitioned the Court to extend by 45 days the date by which the Government must indict Defendant. (Doc 3). The Court granted the Government's motion and issued an order extending the deadline to July 18, 2011. (Doc 4).

2.

Since that time, the legal landscape has grown more, rather than less, complex. Defendant Gallisdorfer now faces similar allegations in MDNC. Victims are being interviewed and an Assistant United States Attorney in that District has been assigned to the matter. Counsel for Defendant Gallisdorfer, based out of MDNC, has been granted admission *pro hac vice* in this District and is working closely with prosecutors in both Districts with an eye to a global resolution of the case. Forcing the Government to indict in this District[1] before the two Districts and the Defendant have completed their investigation and negotiations would be disadvantageous to all parties involved.

3.

To allow for the parties to continue their work in a pre-charge posture requires another extension to the deadline for indictment in this District. To that end, the parties are petitioning this Court for a second 45-day extension to the indictment deadline. Counsel for Defendant Gallisdorfer has expressly consented to this motion.

4.

This request meets the ends of justice in that, if granted, it should facilitate the speedy resolution of this case. Moreover,

---

[1] There are no pending charges in MDNC and thus no tolling of the indictment clock is necessary at this time in that District.

both the public's interest and the Defendant's interest would be well-served if the parties are able, given this extension, to resolve the case without consuming the time and cost (financial and emotional) of two trials that would entail calling multiple child-victim witnesses.

5.

Therefore, the Government respectfully requests that this Court grant an extension of the deadline by which the Government must formally charge the Defendant, through and including September 1, 2011, and exclude the applicable time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A).  The Government has included with this filing a proposed order for the Court to consider.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


/s/ *Robert C. McBurney*
ROBERT C. McBURNEY
ASSISTANT U.S. ATTORNEY
Ga. Bar No. 481070

600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
V: 404-581-6184
F: 404-581-6181

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to Defendant's attorney of record.

This 14th day of July, 2011.

/s/ *Robert C. McBurney*
ROBERT C. McBURNEY
ASSISTANT U.S. ATTORNEY